UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────── x
In Re:                                             Case No.:
MARTIN JOSEPH, SOMANTIE JOSEPH                     Chapter:    7
                                                   Adv. Pro. No.:

       Debtor
                                                   COMPLAINT TO DETERMINE
───────────────────────────────── x                DISCHARGABILITY OF A DEBT

      Plaintiffs CHITOOR GOVINDIRAJ, SHANTI GOVINDIRAJ, SATISH GOVINDIRAJ, KRISHNA URS and ROBERT URS ("Plaintiffs" or "Creditors"), as and for their verified complaint as against Defendants MARTIN JOSEPH and SOMANTIE JOSEPH INC., ("Defendants" or "Debtors") by and through their attorneys Crawford·Bringslid·Vander Neut LLP, hereby allege as follows:

### THE PARTIES

1. Plaintiff Chitoor Govindiraj is a natural person residing within the City and State of New York, County of Richmond.

2. Plaintiff Shanti Govindiraj is a natural person residing within the City and State of New York, County of Richmond.

3. Plaintiff Satish Govindiraj is a natural person residing within the Village of Rye Brook, County of Westchester and State of New York.

4. Plaintiff Krishna Urs is a natural person residing within the City and State of New York, County of Richmond.

5. Plaintiff Robert Urs is a natural person residing within the City and State of New York, County of Richmond.

1

6. Defendant Martin Joseph is a natural person residing within the State of New York, City of Jericho and County of Nassau.

7. Defendant Somantie Joseph is a natural person residing within the State of New York, City of Jericho, County of Nassau.

## JURISDICTION

8. This court has jurisdiction over this matter pursuant to 11 U.S.C. §523(a)(2), 11 U.S.C.§523(a)(4), and 11 U.S.C. §727(a)(3), for a determination excepting Plaintiff's debt from discharge in this proceeding.

9. This adversary proceeding relates to this case under Chapter 7 of the Bankruptcy Code, now pending in this Court.

## FACTS COMMON TO ALL CAUSE OF ACTION

10. On November 26, 2014, the above named Debtors, Defendants herein, filed a petition for relief under Chapter 7 of title 11, United States Code.

11. No proof of claim has been filed herein as this case has been, to date, a "zero asset" case and no proof of claim has been permitted to have been filed.

12. The Plaintiff's claim is a pending action in the Supreme Court of the State of New York, Richmond County, in an action entitled *Chitoor Govindiraj, Shanti Govindiraj, Satish Govindiraj, Krishna Urs, and Robert Urs v. Martin Joseph, Somanti Joseph, and United Realtors Group, Inc., Index no. 10183/13*.

13. The Debtor is indebted to the Plaintiff in the sum no less than $1,846,655.99 and said debt is founded upon a claim which is excepted from a discharge in bankruptcy pursuant to 11 U.S.C. §523(a)(2), 11 U.S.C.§523(a)(4), and 11 U.S.C. 727(a)(3).

14. The debt arose as follows:

a. Prior to June 10, 2011, Plaintiffs Chitoor Govindiraj, Shanti Govindiraj, Satish Govindiraj, Krishna Urs and Robert Urs ("Plaintiffs"), became acquainted with Defendants Martin Joseph, Somantie Joseph and United Realtors Group, Inc., ("Defendants").

b. Prior to June 10, 2011, United Realtor's Corp. Inc. owned four properties located within the State of New York, County of Sullivan, identified by the addresses and on the Village of Monticello tax map as (i) 270 Broadway, a/k/a the property located at section 111, Block 5, Lot 14; (ii) 452 Broadway, a/k/a the property located at section 111, Block 5, Lot 3; (iii) 456 Broadway, a/k/a the property located at section 111, Block 5, Lot 17; and (iv) vacate land located at section 111, Block 5, Lot 16 (all properties referred to hereinafter as "Properties").

c. Prior to June 10, 2011, Plaintiffs and Defendants agreed that Defendants would invest certain monies to acquire the properties, as a purported price of $4,000,00.00 .

d. The investments was never made by Defendants, despite Plaintiffs having advanced certain monies to defendants.

e. Prior to June 10, 2011, an agreement was entered into on behalf of United Realtors and the Village of Monticello taxing authorities for property taxes owed on the Properties identified in paragraph "11", wherein it was agreed that the taxes due on account of the Properties were to be paid off over an extended period.

f. Pursuant to the tax agreement for the Properties, the Properties are lumped together as a single entity for the purposes of the tax agreement.

    g.  Defendants were actually aware of the taxes due on the Properties, as well as the agreement to repay same.

    h.  On June 10, 2011 Defendants secured the sum due Plaintiffs in the amount of $1,846,665.by delivering a promissory note and mortgage to Plaintiffs, which mortgage encumbered the Properties ("Mortgage").

    i.  The Mortgage secured the repayment of $1,846,665.99 to the Plaintiffs.

    j.  Plaintiffs in their individual capacities have different interests under the Mortgage as follows; (i) Plaintiffs Chitoor Govindiraj, Shanti Govindiraj, and Satish Govindiraj have a combined interest of $666,660.00; and (ii) Plaintiffs Krishna Urs and Robert Urs have a combined interest of $1,179,999.99, for a combined total of $1,846,665.99.

    k.  On June 10, 2011, Defendants executed the Mortgage having actual notice of the tax agreement.

    l.  On June 10, 2011, Defendants were actually aware of the taxes due on the Properties.

    m.  Before and again on June 10, 2011, it was agreed by and between Plaintiffs and Defendants that the amount loaned by Plaintiffs was to be used by Defendants to fulfill all outstanding obligations related to the properties, including but not limited to the repayment of the tax agreement.

    n.  The representations made to the Plaintiffs that the sums due for the taxes would be paid were knowingly false when made and Defendants through fraud and misrepresentation led Plaintiffs to believe that all outstanding debts and

       obligations including but not limited to the tax agreement on Properties would be fulfilled by Defendants.

    o. Defendants never made payments to Plaintiffs pursuant to the Note or Mortgage.

    p. Defendants did not upon information and belief, make any payments pursuant to the tax agreement, or in any other manner to satisfy taxes against the Properties.

    q. Upon information and belief, by virtue of failing to pay the tax obligations on the Properties, the collateral for the Mortgage has been compromised and impaired.

    r. Upon information and belief, the Properties as collateral for the Mortgage have been foreclosed and auctioned by the County of Sullivan, thus precluding any recovery by Plaintiffs as against the collateral.

    s. Upon information and belief, Defendants converted the monies loaned by Plaintiffs to Defendants for their personal use as no funds were ever expended to satisfy the obligations pursuant to the Properties and contrary to the agreement between Plaintiffs and Defendants.

    t. Upon information and belief there is no justifiable basis for the use of Plaintiffs funds by the Defendants.

    u. Upon information and belief, there are no records of payments, investments or any explanation as to the use of said monies by the Defendants.

15. Pursuant to 11 U.S.C. §523(a)(2), 11 U.S.C. §523(a)(4), and 11 U.S.C. §727(a)(3), the discharge of the Debtor in this proceeding, should not relieve the Debtor from Plaintiff's aforesaid judgment and noncompete agreement.

## AS AND FOR A FIRST CAUSE OF ACTION

16. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph "1" through "16" as if set forth more fully herein.

17. By virtue of the aforesaid actions, Debtors knowingly made representations to Plaintiffs having full knowledge that they were false and had no intention of properly investing Plaintiffs monies or on making such payments on account of the properties.

18. As a result of the foregoing, Plaintiff suffered monetary damages no less than $1,846,655.99

19. As a result of the foregoing, the Debtor should be denied the dischargeability of Plaintiff's debt in this proceeding pursuant to 11 U.S.C. §523(a)(2).

## AS AND FOR A SECOND CAUSE OF ACTION

20. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph "1" through "20" as if set forth more fully herein

21. By virtue of the aforesaid actions, Debtors have embezzled the monies loaned by Plaintiffs to Debtors for their personal use as no funds were ever expended to satisfy the obligations pursuant to the Properties and contrary to the agreement between Plaintiffs and Defendants.

22. As a result of the foregoing, Plaintiff suffered monetary damages no less than $1,846,655.99

23. As a result of the foregoing, the Debtor should be denied the dischargeability of Plaintiff's debt in this proceeding pursuant to 11 U.S.C. §523(a)(4).

### AS AND FOR A THIRD CAUSE OF ACTION

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph "1" through "24" as if set forth more fully herein

25. By virtue of the aforesaid actions, Debtors have willfully and maliciously injured Plaintiffs.

26. As a result of the foregoing, Plaintiff suffered monetary damages no less than $1,846,655.99

27. As a result of the foregoing, the Debtor should be denied the dischargeability of Plaintiff's debt in this proceeding pursuant to 11 U.S.C. §523(a)(2), 11 U.S.C. §523(a)(4), and 11 U.S.C. §727(a)(3).

WHEREFORE, Plaintiff prays for an order as follows:

(a) On the First Cause of Action, Plaintiff requests that the Court determine that Plaintiff's judgment is excepted from discharge pursuant to 11 U.S.C. §523(a)(2) after notice and hearing;

(b) On the Second Cause of Action, Plaintiff requests that the Court determine that Plaintiff's judgment is excepted from discharge pursuant to 11 U.S.C. §523(a)(4) after notice and hearing;

(c) On the Third Cause of Action, Plaintiff requests that the Court determine that Plaintiff's judgment is excepted from discharge pursuant to 11 U.S.C. §727 (a)(3) after notice and hearing;

(d) Granting Plaintiff the costs, disbursements, and reasonable attorney's fees; and

(e) Such other, further, and different relief this Court deems just and proper.

CRAWFORD·BRINGSLID·VANDER NEUT, LLP

Attorneys at Law, P.C.

/S/Allyn J. Crawford (AC-2766)
By: Allyn J. Crawford, Esq.
Attorneys for Plaintiff
900 South Avenue, Suite 204
Staten Island, New York 10314
T: 718-273-9414
F: 718-273-9418
acrawford@crawfordbringslid.com